# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 43280

| | |
|---|---|
| STATE OF IDAHO, | ) 2016 Unpublished Opinion No. 476 |
| | ) |
| Plaintiff-Respondent, | ) Filed: April 11, 2016 |
| | ) |
| v. | ) Stephen W. Kenyon, Clerk |
| | ) |
| DELILA BELL SLOAN, | ) THIS IS AN UNPUBLISHED |
| | ) OPINION AND SHALL NOT |
| Defendant-Appellant. | ) BE CITED AS AUTHORITY |
| | ) |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bonneville County. Hon. Jon J. Shindurling, District Judge.

Judgment of conviction and unified sentence of seven years, with a minimum period of confinement of three years, for possession of methamphetamine with intent to deliver, affirmed; order relinquishing jurisdiction, affirmed; order denying I.C.R. 35 motion for reduction of sentence, affirmed.

Sara B. Thomas, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

---

Before GUTIERREZ, Judge; GRATTON, Judge;
and HUSKEY, Judge

---

PER CURIAM

Delila Bell Sloan pled guilty to possession of methamphetamine with intent to deliver, Idaho Code § 37-2732(a)(l)(A). The district court imposed a unified sentence of seven years, with a minimum period of confinement of three years. The district court retained jurisdiction, and Sloan was sent to participate in the rider program. Following her rider, the district court relinquished jurisdiction. Sloan filed an Idaho Criminal Rule 35 motion, which the district court denied. Sloan appeals, claiming the district court abused its discretion in imposing an excessive sentence, in relinquishing jurisdiction, and in denying her Rule 35 motion.

1

We note that the decision to place a defendant on probation or whether, instead, to relinquish jurisdiction over the defendant is a matter within the sound discretion of the district court and will not be overturned on appeal absent an abuse of that discretion. *State v. Hood*, 102 Idaho 711, 712, 639 P.2d 9, 10 (1981); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). The record in this case shows that the district court properly considered the information before it and determined that probation was not appropriate. We hold that Sloan has failed to show that the district court abused its discretion in relinquishing jurisdiction.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Next, we review whether the district court erred in denying Sloan's Rule 35 motion. A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). In conducting our review of the grant or denial of a Rule 35 motion, we consider the entire record and apply the same criteria used for determining the reasonableness of the original sentence. *State v. Forde*, 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct. App. 1987); *Lopez*, 106 Idaho at 449-51, 680 P.2d at 871-73. Upon review of the record, we conclude no abuse of discretion has been shown.

Therefore, Sloan's judgment of conviction and sentence, the district court's order relinquishing jurisdiction, and the district court's order denying Sloan's Rule 35 motion are affirmed.